UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVELYN MALONE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-05-02928 |
| | § | |
| CONOCOPHILLIPS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Sealed Motion to Compel Unredacted Copies of Documents (Doc. # 33), Plaintiff's Motion to Compel Regarding O'Donnell Deposition (Doc. # 34), and Defendant's Sealed Motion to Compel Return of Its Documents Improperly Obtained by Plaintiff (Doc. # 37). Having reviewed the motions, the responses, and the arguments of counsel, the Court finds as follows:

### I. Velisha Robinson

Velisha Robinson has waived any and all rights to confidentiality and privilege with respect to the allegations in her lawsuit against ConocoPhillips, William O'Donnell, and others, and all related matters. Accordingly, it is hereby **ORDERED** that ConocoPhillips shall respond to Plaintiff's discovery requests and produce to Plaintiff the information requested that pertains to the subject matters alleged by Velisha Robinson in her lawsuit. This shall be accomplished no later than April 19, 2006. If ConocoPhillips is unable to produce any particular document by this date, it must file a motion for an extension of time with the Court, prior to April 19, 2006, explaining in detail the particular document and the reason why the document cannot be produced by this date. It is further **ORDERED** that ConocoPhillips's current and former

employees cannot refuse to testify about matters pertaining to Velisha Robinson in this case. This Order supersedes any confidentiality obligations that ConocoPhillips or these current or former employees may have had toward Velisha Robinson pursuant to ConocoPhillips's policies, state or federal law, any privileges, any requirements or regulations of any licensing authority, board, or agency, or any agreement with Velisha Robinson.

**II. Plaintiff's Motion to Compel Unredacted Copies of Documents**

It is hereby **ORDERED** that Plaintiff's Motion to Compel Unredacted Copies of Documents is **GRANTED** as to Velisha Robinson and **DENIED** as to any other clients of ConocoPhillips's Employee Assistance Program, with this proviso: ConocoPhillips may redact information contained in documents involving clients of the Employee Assistance Program, other than Velisha Robinson, only to the extent of the employees' names and identifying information such as address, social security number, or similar personal information. Descriptive or substantive language shall not be redacted.

Where possible, the redacted portions shall not be "blacked" out, but shall have substituted a clear coding for the name, such as "Employee A" or similar designation. The coding shall be consistent throughout the discovery as to the names of the respective employees which have been redacted. As to documents already produced, ConocoPhillips shall produce additional copies of the redacted documents that are coded to correspond to individual employees, i.e., all redactions of the name of the same employee shall be coded as "Employee A" or a similar designation, and any redactions of information other than the name and foregoing described identifying personal information shall not be altered in the documents. The only exception shall be when an attorney client or similar privilege has been asserted to redacted material and a privilege log is completed and provided to Plaintiff.

**III. Depositions**

It is hereby **ORDERED** that depositions are to resume. Objections at depositions shall be made only on the following bases: (1) as to form; and (2) as to privilege. There shall be no other basis stated unless opposing counsel requests an explanation. If a privilege objection is invoked, the parties may postpone the deposition and obtain a hearing before the Court, or the parties may agree to call the Court and obtain the Court's ruling on that objection.

**IV. Plaintiff's Motion to Compel Regarding O'Donnell Deposition**

It is hereby **ORDERED** that Plaintiff's Motion to Compel Regarding O'Donnell Deposition is **GRANTED** in all respects, except that Plaintiff's request that ConocoPhillips reimburse her costs, including attorneys' fees, in pursuing the motion is **DENIED**. It is this Court's practice to observe the conduct of attorneys over a continuum of time. If the Court finds that any attorney has engaged in a pattern of dilatory tactics or of bad faith, the Court will impose sanctions that can include all fees that opposing counsel have incurred, from the very beginning of the case, as a consequence of such misconduct.

ConocoPhillips is **ORDERED** to produce William O'Donnell for deposition in Houston, Texas. If ConocoPhillips is unable to make Mr. O'Donnell available in Houston, it must reimburse Plaintiff for her costs incurred in traveling to the deposition, including her attorneys' travel and lodging expenses. Mr. O'Donnell's deposition, including any privileges asserted at the deposition, will be governed by Fifth Circuit law, as previously discussed at the hearing before this Court. Plaintiff is permitted to inquire into all aspects of Mr. O'Donnell's role in ConocoPhillips's Employee Assistance Program, except insofar as this would reveal the identities or identifying information of any clients of the Employee Assistance Program, other than Velisha Robinson.

**V. Defendant's Motion to Compel Return of Its Documents**

It is hereby **ORDERED** that ConocoPhillips's Motion to Compel Return of Its Documents Improperly Obtained by Plaintiff is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 12th day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT

4